UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| versus | CRIMINAL NO. 10-104-JJB-SCR |
| BONNIE W. SIMMONS | |

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, and the Fraud Section of the Criminal Division of the Department of Justice (hereinafter referred to as the "Department of Justice"), by and through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to Count 1 of an Indictment charging BONNIE W. SIMMONS (hereinafter referred to as the "defendant") with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349, and admit to the forfeiture allegation.

2.

The Department of Justice and the defendant agree that, if the Court accepts the guilty plea, the Department of Justice will move to dismiss the remaining counts of Criminal No. 10-104-JJB-SCR as to the defendant at the time of sentencing, and no additional criminal charges related to the violations contained in the Indictment will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or act upon, information which the defendant may now or in the future provide or stand ready to provide.

4.

The Department of Justice agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The Department of Justice, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial.

6.

If the defendant refuses to provide truthful information or testimony, or provides false or misleading information or testimony, she may, after a judicial finding of such, be prosecuted for any offense covered by this agreement, and all statements and information provided by the defendant may be used against her. The defendant's plea of guilty may not be withdrawn.

7.

The defendant agrees to fully and truthfully complete the financial statement provided to her by the Department of Justice and to return the financial statement to the undersigned attorney for the United States within ten (10) days of this agreement being filed with the Court. Further, upon request, she agrees to provide the Department of Justice with any information or documentation in her possession regarding her financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against her, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate her capacity to pay the government's claim or judgment against her, whatever that claim or judgment may be, including, but not limited

to forfeiture and restitution. If the defendant refuses to comply with this paragraph or provides false or misleading information, she may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against her. The defendant's plea of guilty may not be withdrawn.

8.

The defendant also agrees that the defendant shall assist the Department of Justice in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in the assets which the defendant has agreed to forfeit, and any other assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture allegations of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Department of Justice, upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. To the extent the assets are no longer within the possession and control or name of the defendant, the defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853.

9.

The defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following:

3

(a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

10.

The defendant understands that, as a result of this Plea Agreement, she could receive a maximum sentence of ten (10) years imprisonment, a fine equal to the greater of $250,000 or twice the pecuniary gain or loss resulting from the offense, or both the fine and the imprisonment. In addition, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court must also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, she may also receive a term of supervised release after imprisonment of not more than three (3) years. The defendant further understands that supervised release is a period of supervision during which she must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of not more than two (2) years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing the defendant.

11.

The United States and the defendant further agree that should the Court, at the time of sentencing, find that, pursuant to Section 3E1.1(a), United States Sentencing Guidelines, the defendant qualifies for a two (2) level decrease in offense level for acceptance of responsibility, and prior to the operation of Section 3E1.1(a) the defendant's offense level is sixteen (16) or greater, the United States will move the Court pursuant to Section 3E1.1(b), United States Sentencing

4

Guidelines, to decrease defendant's offense level by one (1) additional level for acceptance of responsibility.

12.

The United States and the defendant stipulate, pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the fact that her participation in the conspiracy and scheme and artifice resulted in a loss to the United States of more than $400,000 and less than $1,000,000.

13.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

> Henry L. Jones ("H. Jones") owned and operated, along with his now ex-wife, Chikenna D. Jones ("C. Jones"), Healthcare 1, LLC ("Healthcare 1") and Lifeline Healthcare Services, Inc. ("Lifeline"), two purported suppliers of durable medical equipment ("DME") in the Baton Rouge area.
>
> At Healthcare 1 and Lifeline, H. Jones and C. Jones hired patient recruiters, including Bonnie W. Simmons ("Simmons"), to obtain Medicare beneficiary information and to sign prescriptions for DME for eligible Medicare beneficiaries knowing that the DME was not medically necessary. Specifically, Simmons and other recruiters obtained certain requisite information from the beneficiaries, such as their full names, dates of birth, Medicare numbers, and names of primary care physicians, and then, based upon that information, attempted, either through the beneficiaries themselves or through their primary care physicians, to obtain a prescription for DME from the beneficiaries' primary care physicians.
>
> If and when the Medicare beneficiaries' primary care physicians were unwilling to provide a prescription for the desired DME due to a lack of medical necessity, Simmons and other recruiters hired unrelated physicians who wrote prescriptions based upon a cursory examination of the beneficiary or no examination at all. Once the prescriptions for medically unnecessary DME were obtained, Simmons and other recruiters then sold the beneficiary names, along with the beneficiary billing information and prescriptions, to H. Jones and C. Jones. In the midst of these activities, H. Jones and C. Jones worked with and personally paid Simmons and other patient recruiters for their services.
>
> Between in or around September 2004 through in or around October 2009, H. Jones, C. Jones, and their co-conspirators, including Simmons, submitted and caused the submission of fraudulent claims to the United States Department of Health and Human Services ("HHS"), through HHS's Medicare contractor, Cigna Government Services ("Cigna"), on behalf of Healthcare 1 and Lifeline.

5

These claims related to various orthotic equipment, power wheelchairs, wheelchair accessories, and other DME Healthcare 1 and Lifeline purportedly provided to Medicare beneficiaries that were medically unnecessary. The total amount of claims submitted by Healthcare 1 and Lifeline for beneficiary names provided by Simmons was approximately $660,000.

The defendant understands that the Court is not bound by this stipulation.

14.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

15.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to her as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that she has not been threatened, intimidated, or coerced in any manner.

16.

In the event that the defendant does not plead guilty for any reason, the defendant agrees and understands that she thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and Rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by her as part of plea discussions or as part of her cooperation with the government, including, but not limited to, the statements contained in this Plea Agreement, will be admissible against her without any limitation in any civil or criminal proceeding.

17.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that she fully understands the agreement. The defendant has no objection to the legal representation she has received.

This Plea Agreement is entered into this 12th day of October, 2010, at Baton Rouge, Louisiana.

_____
BONNIE W. SIMMONS
DEFENDANT

GIDEON T. CARTER, LBN 14136
ATTORNEY FOR DEFENDANT
Telephone: (225) 214-1546
Fax: (225) 926-2299

UNITED STATES OF AMERICA, by

_____
DONALD J. CAZAYOUX, JR. LBN 20742
UNITED STATES ATTORNEY

_____
O. BENTON CURTIS III
TRIAL ATTORNEY
United States Department of Justice
Criminal Division, Fraud Section
Telephone: (202) 616-3108
Fax: (202) 514-0152